McKinney, J\,
delivered the opinion of the court.
This cause involves the construction of the act of 1842, ch. 169, § 1. The case is this: Adeline B. B. Irwin died intestate, in the year 1850, seized and possessed of certain real estate. She died, leaving neither issue, parents, brothers or sisters, or the issue of such. Her nearest of kin, are uncles and aunts, both on the paternal and maternal side. The real estate of which she died seized, was inherited from her father. And, the question presented by the record is, does it descend in “equal moieties,” to the uncles and aunts on both sides, or only on the father’s side?
The statute enacts, “that where any person shall die seized of any lands, tenements, or hereditaments, or any right thereto, or entitled to any interest therein, not having legally disposed of the same by last will or testament: and having no issue, or brothers or sisters, or issue of brothers or sisters; his or her estate shall descend in equal moieties in fee simple, to his or her father and mother, to hold as tenants in common: or, if either be dead, then to the surviving parent: and if both be dead, then the estate shall descend, in equal moieties, to the heirs of the father, and the heirs of the mother.”
*300 The first proviso to the' above clause, declares, that if such heirs do not stand in equal degree of relationship to the intestate, those who are nearest in blood, shall take the estate. And the second proviso declares, “that when the estate came to the intestate by gift from the father, or by gift, devise, or descent from the ancestors of the father, the same shall descend to the father only, if living, in preference to the mother. And, when the estate came to the intestate by gift from the mother, or by gift, devise, or descent from the ancestors of the mother, the same shall descend to the mother only, if living, in preference to the father.”
This statute is inartificially framed, and its meaning is somewhat obscure. It does not, in express, terms, repeal any former rule of succession or descent, and as a construction which would have that effect, by implication, is not favored, it can only be construed a repeal of the former law, so far as it is so clearly repugnant thereto, that the two cannot stand together.
In what respect, then, and to what extent, is the act of 1842, inconsistent with the former law? By the acts of 1784, ch. 22, § 7, and ch. 10, § 3, if the intestate died seized of an estate of inheritance, without leaving issue, or brothers or sisters, or the issue of such: and such estate was derived from either parent, it vested, in fee simple, in the parent from whom the same was derived: But if the estate was “actually purchased, or otherwise acquired by such intestate,” then it vested in the father, if living, but if dead, then in the mother for Ufe, and after the death of the mother, then in the heirs of the intestate on the part of the father: and for want of heirs on the part of the father, *301 then in the heirs of the intestate on the part of the mother forever.
It is true, that by force of the general words of the enacting clause of the act of 1842, taken alone, and without reference to the proviso, any estate of which the intestate died seized, irrespective of how it was acquired, whether by descent or purchase, would go to the father and mother as tenants in common: and if either was dead, to the survivor; and if both were dead, then in equal moieties to the heirs of the father, and the heirs of the mother. But when we look to the proviso, it is obvious, that such is not the intention or proper exposition of the . statute.
The proviso qualifies' and restrains the generality of the enacting clause. It excludes, in express terms, the operation of the enacting clause, in case the estate came to the intestate by gift from either parent, or by gift, devise or descent from the ancestors of either parent: thus clearly demonstrating that it was not the intention ‘of the legislature to alter the rule established by the act of 1784, giving preference to the heirs of the line, from or through which the estate was derived by the intestate.
And this being so, there is nothing left for the enacting clause to operate upon, but such estate as the intestate may have acquired otherwise than by gift from either parent, or by gift, devise or descent from the ancestors of either parent. If the substance and meaning of the proviso were incorporated in the enacting clause, no question could have arisen as to the proper interpretation and meaning of the statute: and yet, the construction must be the same, as if it had been so incorporated.
*302 We are not called upon, in the present case, to expound what is meant by an estate in the intestate, by “gift” from the father or mother, or by “gift,” devise, or descent from the ancestors of either — no question having been made as to the meaning of these expressions. The words used to define the modes of acquisition are not technical, and are different in meaning from the common law terms, “descent” and “purchase.”
The policy of the statute would seem to be, to distinguish between such estate of the intestate as he may have acquired, in any mode, from either parent, or either parental line, and such estate as he may have acquired otherwise. And that, in the former case, the estate should go to the parent, or relations* of the line whence “it came.” And in the latter case, that it should go in equal moieties to the parents, if living, or the survivor: and if both were dead, then in like manner to the heirs of both.
This construction gives ample operation to the act of 1842, and effects a very important alteration of the former law.
By the act of 1784, in a case like the present, the father would take the entire estate in fee simple, to the exclusion of the mother: the mother could only take in the event of the father’s death in the life of the intestate, and then only a life estate, with remainder to the heirs on the part of the father. But under the act of 1842, if both parents be living, the mother takes an equal moiety, as tenant in common with the father: if the father be dead when the descent happens, the mother takes the entire estate in fee: And in the event of the death of both parents in the life of the intestate, *303 the heirs of the father, and the heirs of the mother take the estate in equal moieties. It is scarcely necessary to trace the confusion and derangement of the established rules of succession, and the absurd consequences -which would result from the construction contended for by the complainants. The construction we have put upon the statute, while it leaves important principles untouched, is, we think, in accordance with the spirit and meaning of the law. In this view the decree of the chancellor is erroneous, and will be reversed.